IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID SMITH, | ) | 4:13CV3041 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DIAGNOSTICS AND | ) | |
| EVALUATION CENTER, WARDEN | ) | |
| DENNIS BAKEWELL, SARGENT | ) | |
| TURNER, and CORPORAL BELL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff David Smith ("Plaintiff") filed his Complaint in this matter on February 26, 2013. (Filing No. 1.) This court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Nebraska State Penitentiary in Lincoln, Nebraska. (Filing No. 1 at CM/ECF p. 1.) He has sued the Diagnostics and Evaluation Center ("D&E"), D&E Warden Dennis Bakewell ("Bakewell"), D&E Sargent Turner ("Turner"), and D&E Corporal Bell ("Bell") for alleged Eighth Amendment violations that occurred while Plaintiff was at D&E.

Plaintiff alleges that on June 1, 2012, he was forced to eat in the day room with one inch of fecal matter and sewage water on the floor. (*Id.* at CM/ECF p. 4.) Plaintiff also alleges that, on this date, Turner and Bell ordered him to "bucket up sewage water and solid waste" with only gloves to protect him from the waste. (*Id.* at CM/ECF pp. 4-5.) On June 9, 2012, Plaintiff was again forced to eat in the day room with one inch of fecal mater and sewage water on the floor. (*Id.* at CM/ECF p. 4.) In addition, Turner

and Bell ordered Plaintiff to "push sewer water and sewage waste out of the way so that inmates could get out of their cells to eat." (*Id.* at CM/ECF p. 5.) On June 11, 2012, Turner and Bell ordered Plaintiff to "mop up sewage water from 6 p.m. to 9 p.m." (*Id.* at CM/ECF p. 4.) Plaintiff was only given gloves to protect him from the sewage water. (*Id.* at CM/ECF p. 5.) Plaintiff alleges that he had no option but to obey Turner and Bell's commands to clean up the waste, as refusal to do so would have resulted in the issuance of a misconduct report and forfeiture of good-time credits. (*Id.* at CM/ECF p. 6.)

Plaintiff alleges that Defendants' actions caused him to face "[p]ossible contraction of H.I.V. and Hepititus [sic]." (*Id.*) As relief, Plaintiff seeks monetary damages in the amount of $140,000.00. (*Id.* at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

2

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION OF CLAIMS

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See*, *e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Plaintiff did not specify whether he is suing Bakewell, Turner, and Bell in their official or individual capacities. Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit

against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (internal citations omitted)). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff seeks only monetary relief. The Eleventh Amendment bars a § 1983 claim for monetary relief against D&E, and it also bars a § 1983 claim for monetary relief against Bakewell, Turner, and Bell in their official capacities. However, in light of the serious nature of Plaintiff's allegations, and because it is not clear whether this suit has been brought against Bakewell, Turner, and Bell in their official or individual capacities, the court will give Plaintiff 30 days from the date of this Memorandum and Order to allege in what capacity (i.e., official or individual) he is suing Bakewell, Turner, and Bell.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint will result in dismissal of this matter without prejudice and without further notice.

2. The clerk's office is directed to set a pro se case management deadline in this matter: August 29, 2013: Check for amended complaint.

DATED this 29th day of July, 2013.

BY THE COURT:

s/ Joseph F. Bataillon  
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.