IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID SMITH, | ) | 4:13CV3041 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SARGENT TURNER, and | ) | |
| CORPORAL BELL, in their | ) | |
| Individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. On July 29, 2013, the court entered a Memorandum and Order allowing Plaintiff to file an amended complaint that states a claim upon which relief may be granted. (Filing No. 7.) Plaintiff filed an Amended Complaint on August 16, 2013. (Filing No. 8.) The court considers Plaintiff's Amended Complaint as supplemental to his original Complaint. NECivR 15.1(b) (stating that in pro se cases, the court may consider an amended pleading as supplemental to the original pleading, rather than as superseding).

    The court has carefully reviewed Plaintiff's Complaint and Amended Complaint and finds that his Eighth Amendment claims against Sargent Turner and Corporal Bell in their individual capacities may proceed to service of process. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and Amended Complaint, and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

    IT IS THEREFORE ORDERED that:

    1.    Plaintiff's Eighth Amendment claims against Sargent Turner and Corporal Bell in their individual capacities may proceed to service of process.

2. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms that the Clerk of the court will provide. The Clerk of the court shall send two summons forms and two USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint and Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and the Complaint and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint and Amended Complaint, and Plaintiff does not need to do so.

4. Federal Rule of Civil Procedure 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

6. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "**February 6, 2014**: Check for completion of service of summons."

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 11th day of October, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.