IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID SMITH,<br><br>     Plaintiff,<br><br> v.<br><br>SARGENT TURNER and CORPORAL BELL, in their Individual capacities;<br><br>     Defendants. | **4:13CV3041**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on the defendants' motions to dismiss and for summary judgment, Filing No. 17 and Filing No. 21; the plaintiff's motion to file an objection to summary judgment, Filing No. 26; the defendants' objection to the plaintiff's response, Filing No. 27; the plaintiff's objection to the defendants' objection, Filing No. 28; and plaintiff's "Motion for Summary Judgement, and to Strike Defendant's from Complaint; and a Motion to Continue Trial as Ordered by Courts Motion," Filing No. 32. This is a pro se action for violation of civil right under 42 U.S.C. § 1983.

  In his original and amended pro se complaints, the plaintiff, an inmate at the Diagnostics and Evaluation Center of the Nebraska Department of Corrections, alleges the defendants were deliberately indifferent to his security and safety needs, in violation of the Eighth Amendment. Filing No. 1, Complaint; Filing No. 8, Amended Complaint. The plaintiff alleges that on several occasions in June 2012, he was forced to eat in the day room with one inch of fecal matter and sewage water on the floor and then ordered "bucket up sewage water and solid waste" with only gloves to protect him from the waste. Filing No. 1, Complaint at 4-5. He alleges that that defendants Turner and Bell disregarded a known risk of harm to the plaintiff and caused him to face "[p]ossible

contraction of H.I.V. and Hepititus [sic]." *Id.* at 5. He seeks monetary damages and injunctive relief. He further alleges that he has presented the facts related to his complaint to the administrative or grievance procedure by submitting a complaint to the ombudsman. *Id.*; Ex. 1.

The defendants move to dismiss and for summary judgment on the basis of failure to exhaust administrative remedies. Filing No. 17, Motion to Dismiss; Filing No. 21, Motion for Summary Judgment. In support of their position, the defendants submit evidence in the form of Department of Corrections grievance regulations and affidavits of prison officials. *See* Filing No. 19, Index of Evid., Attachments 1-4; Filing No. 23, Attachments 1-4. Prior to filing their motion for summary judgment, defendants moved to stay progression of the case pending resolution of these motions. Filing No. 20. A stay was granted. Filing No. 25, Order.

In opposition to the defendants' motions, the plaintiff submits some documentation, but contends other documents are lost. Filings No. 27 and 28. He also contends he is entitled to summary judgment in his favor. Filing No. 32.

I. LAW

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555). In order to survive

a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at 679. A court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

The court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 558,

556; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal,* 556 U.S. at 679.

When "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d); *BJC Health Sys. v. Colom. Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003). When the district court relies on the matters outside the pleading, a motion to dismiss will be converted into one for summary judgment. *Id.*

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, <u>after adequate time for discovery</u> and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (emphasis added).

4

The Eighth Amendment prohibits the government from inflicting "cruel and unusual punishments." U.S. Const. amend. VIII. The Amendment requires that prison officials "provide humane conditions of confinement," specifically, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832, (1994) (quotation omitted). The Eighth Amendment protects prisoners from deliberate indifference by prison officials as to conditions which pose an unreasonable risk of damage to an inmate's future health. *Helling v. McKinney,* 509 U.S. 25, 32-33 (1993) (an inmate may obtain injunctive relief under § 1983 based on exposure to environmental tobacco smoke in the absence of a present physical injury). "[I]nmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Bealieau*, 690 F.3d at 1045 (quoting *Howard v. Adkison,* 887 F.2d 134, 137 (8th Cir.1989)).

In order to establish an Eighth Amendment violation regarding conditions of confinement, an inmate must establish: first, that he is incarcerated under conditions posing a substantial risk of serious harm, and second, "deliberate indifference" to that risk. *See id.* at 834; *Beaulieau v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012). A plaintiff must show: (1) that the conditions of their confinement posed a substantial risk of serious harm (objective component), and (2) the defendants actually knew of, but disregarded, or were deliberately indifferent to, the plaintiff's health or safety (subjective component). *Beaulieau*, 690 F.3d at 1045. "To establish a constitutional violation, it is not enough that a reasonable official should have known of the risk, a plaintiff must establish that the official in question did in fact know of the risk." *Gregoire v. Class*, 236

5

F.3d 413, 417 (8th Cir. 2000). "However, this knowledge is subject to proof by all the usual ways, including inferences based on the obviousness of the risk." *Id.* Although "obviousness of the risk is not the ultimate inquiry, it may serve as circumstantial evidence that the officials actually knew of the risk." *Coleman v. Parkman*, 349 F.3d 534, 538 (8th Cir. 2003).

As amended by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) requires that inmates exhaust prison grievance procedures before bringing § 1983 suits related to prison conditions. *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)). However, "inmates cannot be held to exhaustion requirements when prison officials keep them from pursuing their administrative remedies," or when such remedies are unavailable to the prisoner. *See Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). Also the PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits. *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

Failure to exhaust administrative remedies under the PLRA does not deprive federal courts of subject matter jurisdiction, however. *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001). Moreover, a lawsuit should not be dismissed in its entirety merely because some claims are unexhausted. *Leach v. Moore*, 240 Fed. App'x 732, *733, 2007 WL 1881111, **1 (8th Cir. 2007); *see Jones*, 549 U.S. at 220-23 (rejecting total-exhaustion rule).

Administrative exhaustion is an affirmative defense that defendants have the burden to plead and prove. *See Jones v. Bock*, 549 U.S. at 212; *Nixon v. Sanders*, 243

Fed. App'x 197, *198, 2007 WL 2349344 (8th Cir. 2007). Inmates are not required to specially plead or demonstrate exhaustion in their complaints. *Jones*, 549 U.S. at 216. Further, the defense can be waived. *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001).

II. DISCUSSION

The court will not address the defendants' motion for summary judgment at this time. The defendants' motion to stay discovery and case progression pending the resolution of the motions has hampered the defendants' ability to respond to the defendants' motion for summary judgment. Accordingly, the motion will be denied without prejudice to refiling. In light of this disposition, the parties' various "objections" will be denied as moot. The court finds the plaintiff's motion for summary judgment is largely unintelligible and unsupported. Accordingly, the plaintiff's motion will also be denied at this time.

The defendants' motion to dismiss is based on failure to exhaust administrative remedies. The plaintiff is not required to specially plead or demonstrate exhaustion in his complaint. In considering a motion to dismiss, the court is obliged to accept the plaintiff's factual allegations as true. The plaintiff alleges he exhausted his administrative remedies. The court finds the allegations of the plaintiff's complaint and amended complaint adequately state a claim for deliberate indifference to serious health or safety needs. Accordingly,

IT IS ORDERED:

1. The defendants' motions to dismiss (Filing No. 17) is denied.

2. The defendants' motion for summary judgment (Filing No. 21) is denied as premature, without prejudice to refiling at a later date.

3. The plaintiff's motion to file an objection to summary judgment (Filing No. 26), the defendants' objection to the plaintiff's response (Filing No. 27), and the plaintiff's objection to the defendants' objection (Filing No. 28) are denied as moot.

4. The plaintiff's motion for summary judgment and other relief (Filing No. 32) is denied.

5. The matter is referred to the magistrate judge for case progression.

DATED this 27th day of August, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge