IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID SMITH,

          Plaintiff,

   v.

SARGENT TURNER, in their Individual capacities; CORPORAL BELL, in their Individual capacities; and DIANE SABATKA-RINE, Warden (N.S.P.);

          Defendants.

4:13CV3041

ORDER

This matter is before the court on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) filed by defendants Sargent Turner, Corporal Bell and Warden Diane Sabatka-Rine (hereinafter, collectively "State Defendants"), Filing No. 50.[1]  This is an action for violations of civil rights under 42 U.S.C. § 1983 and for negligence under state law.

I.    FACTS

The plaintiff, *pro se*, an inmate at the Diagnostics and Evaluation Center of the Nebraska Department of Corrections, essentially alleges, in various pleadings, that defendants were deliberately indifferent to his health and safety needs, in violation of the Eighth Amendment.  See Filing No. 1, Complaint; Filing No. 8, Amended Complaint; and Filing No. 46, Second Amended Complaint.  The plaintiff alleges that on several occasions

---

[1] Also pending is a motion for summary judgment, Filing No. 38, and an objection thereto, Filing No. 52.  The defendants' motion for summary judgment is based on assertions that the plaintiff failed to exhaust administrative remedies.  Brief at 2, In response to the defendants' motion, the plaintiff submitted a document stating that he sent two grievances to the department of correctional services and copies of grievances.  Accordingly, the court finds the defendants' motion for summary judgment has been rendered moot.  Filing No. 43, Response at 2; Filing No. 44, Supplemental Response.  The plaintiff has also filed a largely incomprehensible pleading captioned "Motion to File Summary Judgement; and to Continue to Seek Trial Against Defendant's, and to Strike All Other Options," Filing No. 37.  The pleading seeks no specific relief and is more in the nature of a brief or argument in opposition to the defendants' motion for summary judgment.  Accordingly, the motion will similarly be denied as moot.

in June 2012, he was forced to eat in the day room with one inch of fecal matter and sewage water on the floor and then ordered "bucket up sewage water and solid waste" with only gloves to protect him from the waste. Filing No. 1, Complaint at 4-5. He alleges that defendants Turner and Bell disregarded a known risk of harm to the plaintiff and caused him to face possible contraction of H.I.V. and Hepatitis. *Id.* at 5. In his second amended complaint, he alleges that defendant Sabatka-Rine, the warden, was aware that food has been exposed hazardous wastes. Filing No. 46, Second Amended Complaint at 1-2. Further, he alleges that "worn out sewer parts" causes waste from the "upper restroom" to "flood[ ] down into the kitchen." *Id.* at 2. Additionally, the plaintiff alleges he has to "clean the filth up" by using "brooms, rags, and then [is] forc[ed] to put the mess in tea containers that the inmates use to mix their daily meals . . . ." *Id.* at 2. The court granted the plaintiff leave "to file a second amended complaint to incorporate his allegations against Sabatka-Rine." Filing No. 45, Order at 1.

The state defendants move to dismiss the second amended complaint alleging that the doctrine of sovereign immunity provides a complete bar to plaintiff's § 1983 claims against state defendants in their official capacities. Further, they contend that the plaintiff fails to plead facts in the second amended complaint that state defendants Turner and Smith personally participated in the alleged constitutional violations and fails to state a claim against those defendants.

II. LAW

Pro se civil rights complaints are ordinarily accorded a liberal construction and are held to a less stringent standard than formal pleadings drafted by lawyers. *Ailshire v. Darnell*, 508 F.2d 526 (8th Cir. 1974). Pro se complaints, "'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v.*

2

*Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (noting that "civil rights pleadings should be construed liberally"). Nonetheless, a pro se complaint must comply with the minimal requirements set forth in the Federal Rules of Civil Procedure. *Quam v. Minnehaha Cnty. Jail*, 821 F.2d 522, 522 (8th Cir. 1987); Fed. R. Civ. P. 8 (specifically requiring pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

States and arms of the state possess sovereign immunity from suits. *Alden v. Maine*, 527 U.S. 706, 713 (1999); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) (holding that a claim against a highway patrol officer in his official capacity is a claim against the state highway patrol which is entitled to sovereign immunity as an arm of the state). However, if a state official is named as a defendant instead of the state or one of its agencies, the state officer is subject to suit under the doctrine announced in *Ex Parte Young*, 209 U.S. 123, 159-60 (1908). *Nix v. Norman*, 879 F.2d 429, 432 (8th Cir. 1989); *see also Larson v. Kempker*, 414 F.3d 936, 939-40 & n.3 (8th Cir. 2005) (dismissal on ground of immunity not warranted where the defendants were sued in individual capacity). Although "the Eleventh Amendment bars suits by private parties 'seeking to impose a liability which must be paid from public funds in the state treasury,' courts may order injunctions to prevent or to remedy a state officer's conduct and "may also award a wide range of prospective relief 'which serves to bring an end to a present violation of federal law . . . even though accompanied by a substantial ancillary effect on the state treasury.'" *Larson,* 414 F.3d at 940 (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).

Under the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future

3

conduct to the requirements of federal law.  *See id.* (explaining the distinction between permissible relief under the doctrine of *Ex Parte Young* and that barred by Eleventh Amendment is the difference between prospective and retrospective relief); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 276-281 (1996) (reaffirming the validity of the *Ex Parte Young* doctrine although finding it inapplicable in the case of a functional equivalent of a quiet title action against the state).  This is so even if such an injunction may have an ancillary effect on the state treasury.  *See Quern v. Jordan*, 440 U.S. 332, 337 (1979).  The doctrine of *Ex Parte Young* recognizes that if a state official violates federal law, he is stripped of his official or representative character and may be personally liable for his conduct; the state cannot cloak the officer in its sovereign immunity.  *See Idaho v. Coeur d'Alene*, 521 U.S. at 288 (J. O'Connor, concurring).  Where a plaintiff seeks prospective relief to end a state officer's ongoing violation of federal law, such a claim can ordinarily proceed in federal court.  *See id.*

An individual capacity claim must be expressly stated in the pleadings, the court cannot presume an individual capacity suit.  *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants.  Absent such an express statement, the suit is construed as being against the defendants in their official capacity.") (internal citations omitted).

    III.    DISCUSSION

Review of the record shows that the plaintiff was allowed to amend his complaint to "incorporate" allegations against defendant Sabatka-Rine.  Filing No. 45, Order at 1.  Giving the plaintiff's pleadings a liberal construction, the court finds that the record indicates that

the second amended complaint should be read in conjunction with the allegations of the earlier-filed complaints. Allegations specific to defendants Turner and Smith are included in the original complaint, Filing No. 1, Complaint at 5-6. The court previously found that "the allegations of the plaintiff's complaint and amended complaint adequately state a claim for deliberate indifference to serious health or safety needs." Filing No. 33, Memorandum and Order at 7.

On initial review, the plaintiff was ordered to amend his complaint to clarify whether defendants Turner and Smith were sued in their individual capacities. Filing No. 7, Order on initial review at 3. Because the plaintiff had not explicitly stated the capacity, the court presumed that the defendants had been sued in their official capacities. *Id.* at 3. In response, the plaintiff filed an amended complaint stating that the defendants were sued in their individual capacities. Filing No. 8. In his second amended complaint, the plaintiff prays to be "awarded any other relief that the court deems fair and proper." Filing No. 46, Second Amended Complaint at 5.

In his pleadings, the defendant alleges serious and ongoing violations of health and sanitation standards. Despite the plaintiff's technical omission of explicit reference to an official-capacity suit, liberal construction of the pleadings shows that in addition to money damages, the plaintiff seeks to enjoin the defendants from continuing in the alleged conduct that threatens the health and safety of the inmates. The court finds the defendants are on sufficient notice from the plaintiff's allegations and his prayer for monetary damages and "any other relief" that the claims are asserted against the defendants in both their individual and official capacities. It is reasonable to assume that if the court were to find deliberate indifference to the health and safety of the inmate, it would enjoin that future conduct.

The court finds the defendants' assertions of sovereign immunity are misplaced. This action may proceed against the defendants in their individual capacities for damages and against the defendants in their official capacities for prospective relief.  Accordingly,

IT IS ORDERED:

1. The defendants' motion for summary judgment (Filing No. 38) and plaintiff's objection thereto (Filing No. 52) are denied as moot.

2. The plaintiff's motion to file summary judgment, etc. (Filing No. 37) is denied as moot.

3. The defendants' motion to dismiss (Filing No. 50) is denied.

DATED this 9th day of April, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge